IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL STEWART | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PJM-06-3234 |
| MR. WALLENSTEIN, DIRECTOR | * | |
| MR. GREEN, WARDEN | | |
| C. DOWD | * | |
| MR. LOCKHEART | | |
| MR. MOORE | * | |
| MONTGOMERY COUNTY CORRECTIONAL | | |
| FACILITY | * | |
| Defendants. | | |
| *** | | |

## MEMORANDUM OPINION

Plaintiff, a prisoner confined at the Montgomery County Correctional Facility ("MCCF") in Boyds, Maryland, is seeking a job assignment in the MCCF workforce program and damages for the previous failure to obtain a slot in the program. He filed this 42 U.S.C. § 1983 civil rights Complaint on November 30, 2006, claiming that while he was placed on the list for program assignment and openings have occurred, other prisoners coming to MCCF after him have been assigned to the program. (Paper No. 1). Plaintiff claims "discrimination and or prejudice." Because he appears indigent, Plaintiff's Motion to Proceed In Forma Pauperis shall be granted.[1] His Complaint, however, shall be dismissed without requiring a response from Defendants.

Plaintiff's statement of facts in support of his Complaint is limited. His attachments, however, provide the Court some factual background. It appears that Plaintiff is seeking a work assignment in the Reentry Employment Development ("RED") Program available to sentenced and pre-trial inmates at MCCF. Plaintiff met with MCCF staff in an attempt to obtain a workforce job

---

[1] Plaintiff is advised that effective April 10, 2006, the civil filing fee was increased to $350.00.

assignment, but was told that no openings were available at the time. He seemingly complains that MCCF has housed a number of federal detainees and that their participation in MCCF programming, including workforce programs, effectively takes program slots away from him. The attachments indicate that Plaintiff has completed a food service and baking program, and is currently in the MRT (Moral Reconation Therapy) program.

"[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court sought to focus attention on the nature of the deprivation, stating that a liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U. S. at 484. Following the reasoning of the Supreme Court in *Sandin*, it appears that an inmate has no liberty interest in being assigned to a specific job or in being housed at a particular prison.[2] *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313 (2d Cir. 1996) (per curiam); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995); *see also Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Paoli v. Lally*, 812 F.2d 1489, 1492-93 (4th Cir. 1987). Plaintiff's failure to gain workforce assignment is not an atypical event in the ordinary day-to-day incidents of prison life and cannot be said to have imposed a significant hardship on him. Simply put, Plaintiff does not have a general due process right to obtain a particular job.

---

[2]   Prior to *Sandin*, this Circuit found that inmates did not have a constitutionally protected right to an institutional job or to remain in a particular job once assigned. *See Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978); *Bowring v. Godwin*, 551 F.2d 44, 48 n. 2 (4th Cir. 1977); *see also Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992).

Finally, Plaintiff seemingly raises a Fourteenth Amendment discrimination claim with regard to his inability to obtain a workforce assignment. Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To succeed on an equal protection claim, Plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *see also Washington v. Davis*, 426 U.S. 229, 239-42 (1976); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). While Plaintiff asserts that the failure to give him a workforce job assignment is "discriminatory and biased," these statements are presented as naked assertions. He must go beyond mere conclusory assertions that a particular action was taken or not taken with discriminatory animus. *See Chapman v. Reynolds*, 378 F.Supp. 1137, 1139 (W.D. Va. 1974).

For the aforementioned reasons, the Court shall grant Plaintiff leave to proceed without the prepayment of filing fees, but shall dismiss his Complaint without prejudice. A separate Order follows.

December 15, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE